# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Leroy Smith,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent/Plaintiff. | No. CV-17-00787-PHX-SRB<br>　　　CR14-01108-PHX-SRB<br><br>**ORDER** |

　　　　Movant Vernon Leroy Smith filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on March 15, 2017. He raised a single claim of ineffective assistance of counsel. In his 3-page addendum describing the ineffective assistance, Movant asserted that his attorney was ineffective because he was instructed by Movant to immediately withdraw the plea agreement at the first sentencing hearing and did not withdraw the plea agreement. Movant filed a supplement in support of his motion on March 28, 2017 expanding on his claims. In his supplemental brief Movant asserted that his counsel was ineffective in several ways. In addition to his failure to file a motion to withdraw the guilty plea, Movant asserted that his plea agreement was involuntary, that the Court participated in the plea process, that his attorney failed to

investigate his case and that his sentence should be corrected to reflect an amendment to the United States Sentencing Guidelines that became effective November 1, 2015 amending the Section 2B1.1 loss table. The government filed a response in opposition to the motion on August 14, 2017. Movant filed his reply on December 1, 2017.

The Magistrate Judge issued his Report and Recommendation on the Motion to Vacate, Set Aside or Correct Sentencing on April 19, 2018 and addressed each of the grounds raised in the initial motion, the supplemental brief and the reply memorandum. The Magistrate Judge recommended that the motion be denied and that a Certificate of Appealability be denied.

Movant filed timely written objections on May 10, 2018 captioned "Motion for reconsideration for 2255 with specific objections to vacate, set aside or correct sentence per Rule 72(b)." Movant raised only two objections to the Report and Recommendation of the Magistrate Judge. He objected to the Magistrate Judge's recommendation that there was no breach of the plea agreement and, therefore, no ineffective assistance of counsel in counsel's failure to object to the alleged breach and an objection to the Magistrate Judge's finding that the sentencing guideline amendment was not applicable.

Addressing the first objection, the Magistrate Judge noted that Movant's claim depended upon a showing that this Court did not sentence him in accordance with the terms of his plea agreement. In dismissing his appeal the Ninth Circuit Court of Appeals found that Movant had been sentenced in accordance with his plea stipulations as contained in the written plea agreement. The Magistrate Judge further noted that Movant's argument was not based on the written plea agreement but upon a separate

alleged oral agreement containing his claimed sentencing limitations. The Court agrees with the Magistrate Judge that his counsel was not ineffective for failing to object to a breach of an alleged oral sentencing agreement because Movant has failed to show that such promises were made. Movant's first objection is overruled.

While Movant captions his second objection as Application of Sentencing Guideline Amendment he appears to have abandoned his argument that the amendment to the loss table is the basis for his claim. In his supplemental brief in support of his § 2255 motion Movant first raised the amendment to the loss table as a claim. He noted that the United States Sentencing Commission approved Amendment 791 to become effective November 1, 2015 amending the Section 2B1.1 loss table to account for inflation. Movant argued that because his case was on direct appeal when the amendment went into effect he was entitled to its benefit. Movant addressed the sentencing guidelines amendment again in his reply claiming his sentence must be corrected to reflect the modification through Amendment 791 of the United States Sentencing Guidelines because his case was on direct appeal when the amendment went into effect.

In his second objection Movant has changed his argument. He no longer appears to claim that the amendment to the Sentencing Guidelines is applicable. His new argument is that an incorrect sentencing guideline was used to determine his sentence because the loss amount was improperly calculated. This Court will not consider a new ground for ineffective assistance of counsel or a new ground to correct an allegedly improperly calculated guideline sentencing range for the first time in objections to a Report and Recommendation. Movant is not entitled to a retroactive application of

Amendment 791's change to the loss table. Movant's second objection to the Report and Recommendation is overruled.

Having considered the record in this case and having made a *de novo* review, this Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendations of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 29)

IT IS FURTHER ORDERED denying Movant's Motion to Vacate, Set Aside or Correct Sentence Under § 2255. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability because Movant has failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 3rd day of July, 2018.

_____
Susan R. Bolton
United States District Judge